UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANCIS B. WILLIAMS, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:21-cv-05056 |
| HARRIS & HARRIS, Ltd., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

**NOW COMES** FRANCIS B. WILLIAMS ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of HARRIS & HARRIS, Ltd. ("Defendant"), as follows:

## NATURE OF ACTION

1. Plaintiff brings this action seeking redress for Defendant's violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as the action arises under the laws of the United States.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1) as Defendant's principal place of business is located in Chicago, Illinois, which lies within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a consumer and a natural person over-the-age of 18.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because Defendant regarded Plaintiff as a natural person obligated or allegedly obligated to pay the subject debt.

6. Defendant is a debt collector and limited liability company organized under the laws of the State of Illinois. Defendant's principal place of business is located at 111 West Jackson Boulevard, Suite 400 Chicago, Illinois 60604. Defendant regularly collects from consumers in the State of Oklahoma.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

8. Prior to the conduct giving rise to this action, Plaintiff received medical services resulting in a balance of approximately $1,100 ("subject debt").

9. In the summer of 2021, Plaintiff allegedly defaulted on the subject debt and Defendant obtained the rights to collect the subject debt.

10. On or around August 2021, Plaintiff began receiving telephone calls from Defendant attempting to collect the subject debt.

11. During one of the first initial telephone calls, Plaintiff answered Defendant's incoming calls and requested that all calls stop.

12. Additionally, Plaintiff explained to Defendant that he did not want to receive calls because he intended to pay subject debt directly to the original creditor.

13. Unfortunately, Plaintiff's request was ignored as Defendant's representative stated that calls will only stop if Plaintiff makes a payment towards subject debt.

14. Defendant has been placing calls to Plaintiff's cell phone from (312) 460-3938 and upon information and belief may be using other phone numbers as well.

15. Since requesting all calls cease, Plaintiff has received numerous unwanted telephone calls from Defendant.

16. Overwhelmed with the unwanted calls and concerned his statutory rights were violated Plaintiff searched and retained counsel to vindicate his rights.

## DAMAGES

17. Defendant's harassing conduct has impacted Plaintiff's daily life and general well-being.

18. Plaintiff has expended time and incurred costs consulting with his attorneys as a result of Defendant's unfair, deceptive, and misleading actions.

19. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

20. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance aggravation that accompanies unsolicited phone calls, harassment, emotional distress, anxiety, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his cellular and home telephone services.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein

22. Defendant's communications to Plaintiff were made in connection with the collection of the alleged subject debt.

23. Defendant used phone calls to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

24. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5) because Defendant regarded the subject debt as an "obligation or alleged obligation of a consumer to pay money arising out of services which were allegedly the subject of a transaction primarily for personal, family, or household purposes."

25. Defendant violated 15 U.S.C. §§1692d, d(5), e, e(10) and f through its unlawful debt collection practices.

    **a.**     **Violations of FDCPA §1692d**

26. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

27. Defendant violated §1692d when it repeatedly called Plaintiff regarding the subject debt after they were informed that calls were unwelcomed.

28. Defendant violated §1692d(5) when it repeatedly called Plaintiff regarding the subject debt with the intent to annoy and harass Plaintiff into making a payment on the subject debt.

29. Additionally, Defendant previously stated that calls will continue unless Plaintiff makes a payment. Defendant intended to harass and abuse Plaintiff into paying the subject debt in order to stop calls.

    **b.**     **Violations of FDCPA §1692e**

30. Defendant violated §1692e and e(10) by using false, deceptive, and misleading representation in connection with the collection of the subject debt.

31. Specifically, it was deceptive and misleading for Defendant to tell Plaintiff that he needed to make a payment in order to stop the unwanted collection calls despite Plaintiff's request to stop Defendant's calls. This misleading statement was made to coerce Plaintiff into making an immediate payment on the subject debt.

    **c.    Violations of FDCPA §1692f**

32. Defendant violated §1692f by using and unconscionable means in attempting to collect on the subject debt.

33. As an experienced debt collector, Defendant knew or should have known the ramifications of continuing their harassment campaign to intimidate Plaintiff into a payment so all calls would stop.

**WHEREFORE**, Plaintiff FRANCIS B. WILLIAMS respectfully requests that this Honorable Court:

    a.    Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;
    b.    Enjoining Defendant from further contacting Plaintiff.
    c.    Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);
    d.    Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);
    e.    Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and
    f.    Awarding any other relief as this Honorable Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

34. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: September 24, 2021          Respectfully submitted,

**FRANCIS B. WILLIAMS**

<u>*/s/ Marwan R. Daher, Esq.*</u>
Marwan R. Daher, Esq.
Counsel for Plaintiff
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8180 (phone)
(630) 575-8188 (fax)
mdaher@sulaimanlaw.com